GARRISON, Judge.
This is an appeal from a judgment of the district court rendered on June 22, 1983, granting judgment in favor of plaintiff Bert A. Jones and against defendant Norman L. Turlan and awarding damages in the amount of $7,604.50 for injuries sustained by plaintiff on January 26, 1981 when he was involved in a fight with defendant at the Bon Terre Lounge[1] at Bun-dy Road in New Orleans East.
*1251 From that judgment, which we affirm, defendant appeals.
Bert Jones and his girlfriend Pamela Holley had been at the lounge, as had been Norman Turlan and his friend Pamela Jo Warren. Norman Turlan was backing out of a parking space when he hit Pamela Holley’s car. At this point Norman Turlan and Pamela Jo Warren testified that they immediately got out of the car to examine the damage. Bert Jones and Pamela Holley testified that defendant attempted to pull out and stopped only after Bert Jones tapped on the trunk of the defendant’s car. In either ease, Bert Jones went inside of the bar to call the police. Meanwhile Norman Turlan and Pamela Holley swapped drivers’ licenses and insurance information. Norman Turlan further agreed to pay for the damage, which he has done, and gave Ms. Holley the name of a body shop which would and did make the repairs. The police informed Jones that they would not investigate the accident and that he should file a report at the 7th District Station. Jones returned to the parking lot, apparently unaware that information had been swapped, and attempted to “persuade” Turlan to go to the 7th District Station and file a report. Turlan refused. A fist fight ensued. Norman Turlan testified that plaintiff grabbed, pushed, and shoved him, provoking the incident. Jones and Holley testified that Norman punched Jones in the jaw which commenced the fight. The most telling testimony, however, was from Pamela Jo Warren who stated, “Norman hit first.”
Bert Jones then pinned NOrman Turlan to the back of a vehicle and “kneed” him in the groin. At that point several bystanders intervened and separated the two men. Norman Turlan left and Bert Jones waited for the police, who this time came to the scene to investigate.
Bert Jones was taken initially to Methodist Memorial Hospital and then to Mon-telpre Hospital. He suffered a broken jaw which was surgically wired back into place. He was hospitalized for several days and his jaws remained wired for several weeks during which his dietary intake was restricted to fluids. He was discharged on April 15, approximately three months after the altercation, with permanent facial scarring and a concave “dent” on one side of his face.
The standard of review on questions of fact is whether the trial court was manifestly erroneous in its factual determinations, with great weight being given to the trial judge’s credibility call due to his ability to observe the demeanor of the witnesses. The instant case is strictly a credibility call. It cannot be said that the judgment is unsupported by the record, nor can it be said that the trial judge was manifestly erroneous. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978); Canter v. Koekring Co., 283 So.2d 716 (La.1973).
For the reasons discussed, the judgment of the district court is affirmed.
AFFIRMED.

. The lounge has several different names in the transcript — "Bonte”, “Bounty" and "Bon Tere”.